Leonard R. Berman
4711 SW Huber St., Suite E-3
Portland, OR 97219
(503) 473-8787
OSB # 96040
Easyrabbi@yahoo.com

**ATTORNEY FOR PLAINTIFF(S)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

Portland Division

WILLIAM DILLON, SCOTT GRAUE, DAVID HODGES, Individually, on behalf of a class of others similarly situated,

    Plaintiff(s),

v.

CLACKAMAS COUNTY,
CRAIG ROBERTS,
both individually and in his
official capacity as Sheriff,

    Defendants.

Case No. 3:14-CV-820

**CLASS ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

/
/
/

# INTRODUCTION

This is a class action brought to redress the deprivation by Defendants of rights secured to the Plaintiff William Dillon and scott Graue and the proposed Class Members

1   COMPLAINT

by the United States Constitution and the laws of the United States of America, the Fourth And Eighth Amendments and the Oregon Constitution, Article 1 Sec. 9 -Unreasonable Search and Seizure and Sec. 16- Cruel and Unusual Punishment.  For at least the past two years, Clackamas County (hereinafter, "CC") has had a policy of strip-searching inmates in public and in public and group settings with closed circuit cameras in view in violation of the ABA Standard 23-7.9 Searches of prisoners' bodies and OAR 291-041-0020 Inmates  (infra) for random searches, after court hearings, and during routine searches as well as one mass search of 160 inmates on or about October 10, 2012.

These group and public strip searches have been conducted in the hallways and open areas in the Clackamas County Jail (hereinafter "CCJ") on a daily basis since May 21, 2012.  No pat-downs occur.  Other corrections facilities do pat-down searches and only conduct strip searches when reasonable suspicion arises from a pat-down and in private, individually. On or about October 10, 2012, several dozen inmates up to 160 or more were pulled out of their cells in pairs by deputies in camouflage commando gear and publicly strip searched.   Upon information and belief, this strip search practice derived from the custom, practices and/or written procedures of the aforementioned County Departments, and was promulgated by senior Department officials.

With this as a background, Plaintiff William Dillon, Scott Graue, and david Hodges individually, by and through counsel, hereby complains as follows:

## **JURISDICTION**

1.  This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341 & 1343 because it is filed to obtain compensatory damages, punitive damages, and injunctive relief for the deprivation, under color of state law, of the rights

of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. §§ 1981 & 1983. This Court also has jurisdiction over this action under the provisions of 28 U.S.C. § 2201, as it is filed to obtain declaratory relief relative to the Constitutionality of the policies of a local government.

2. Venue is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiffs' claims and those of proposed class members occurred in this judicial district.

## PARTIES

3. Plaintiff Scott Graue resides in Clackamas County, Oregon, Dillon and Hodges live in other counties.

4. Defendant Clackamas County (hereinafter,"CC") is a county government organized and existing under the laws of the State of Oregon. At all times relevant hereto, the County, acting through its Corrections Department, was responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to the MCIJ and was responsible for the appointment, training, supervision and conduct of all Department personnel. In addition, at all relevant times, the County was responsible for enforcing the rules of the CCJ, and for ensuring the personnel employed in the CCJ followed the Constitution and laws of the United States and of the State of Oregon.

5. Defendant Craig Roberts is the sheriff and final decision-maker and policy makers with respect to the treatment of pre-trial and other detainees over which the CCJ exercises custodial or other control.

## CLASS ACTION ALLEGATIONS

6. Plaintiff bring this action pursuant to Rules 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated individuals who were strip searched in public and group settings.

7. The classes that Plaintiffs seek to represent are defined as follows:

Class One

All persons who have been or will be placed into the custody of the CCJ regardless of charges, while unclothed in a group and public setting in open areas involving one or more deputy who:

A. Inspects the individual from top to bottom;
B. Inspects his hair, ears, mouth, hands, armpits, feet, between toes, nostrils;
C. Inspects a woman's breasts or tells a man to separate his penis and testicles;
D. Inspects beneath the foreskin of an uncircumcised male;
E. Requires the individual to bend and spread buttocks;
F. Requires the individual to face a wall so staff can inspect the back of the body;

The class period commences on May 19, 2012 and extends to the date on which Clackamas County (CC) is enjoined from, or otherwise ceases, enforcing their unconstitutional policy, practice and custom of conducting group and public strip searches after court hearings, on routine schedules and/or on a random basis. Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

CLASS TWO

All persons who have been or will be placed into the custody of the CCJ regardless of charges, while unclothed in a group and public setting in open areas involving one or more deputy who:

4   COMPLAINT

| | |
|---|---|
| G. | Inspects the individual from top to bottom; |
| H. | Inspects his hair, ears, mouth, hands, armpits, feet, between toes, nostrils; |
| I. | Inspects a woman's breasts or tells a man to separate his penis and testicles; |
| J. | Inspects beneath the foreskin of an uncircumcised male; |
| K. | Requires the individual to bend and spread buttocks; |
| L. | Requires the individual to face a wall so staff can inspect the back of the body; |

The class period pertains to a one-time public search of at least 160 inmates on or about October 10, 2012 and the class commences on May 19, 2012 and extends to the date on which Clackamas County is enjoined from, or otherwise ceases, enforcing their unconstitutional policy, practice and custom of conducting such strip searches. Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

8. This action has been brought and may properly be maintained as a class action under Federal law and satisfies the numerosity, commonality, typicality and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

9. The members of the class are so numerous as to render joinder impracticable. Upon information and belief, there are hundreds, if not thousands, of people arrested who are placed into the custody of CC every month – all of whom are members of the proposed class. Upon information and belief, the size of the proposed class totals at least 2,000 individuals.

10. Upon information and belief, joinder of all of these individuals is impracticable because of the large number of class members and the fact that class members are likely dispersed over a large geographical area, with some members presently residing outside of the County and this Judicial District. Furthermore, upon

5   COMPLAINT

information and belief, many members of the class are low-income persons, may not speak English, and likely would have great difficulty in pursuing their rights individually.

11. Common questions of law and fact exist as to all members of the Class, in that they all had their right to be free from unreasonable searches violated by Defendants' conducting strip searches in an unreasonable fashion. All members of the class were placed into the custody of their CCJ facilities, and all were illegally strip searched in violation of the clearly established law in this judicial circuit.

12. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiff and all members of the class sustained damages arising out of Defendants' course of conduct. The harms suffered by the Plaintiff are typical of the harms suffered by the class members.

13. The representative Plaintiff (s) have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that are adverse to the interests of the members of the Class.

14. Plaintiffs have retained counsel who has substantial experience and success in the prosecution of civil rights litigation and class action litigation.

15. Counsel for Plaintiffs know of no conflicts among members of the class, or between counsel and members of the class.

16. This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiffs seek class certification under Fed. R. Civ. P. 23(b)(2), in that all class members were subject to the same policy requiring the illegal strip searches of individuals placed into the custody of MC and involved in kitchen duty. In short, the aforementioned

County Departments, the Policy Making Defendants and County Corrections Officers acted on grounds generally applicable to all class members.

17. In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiff(s) seek certification under Rule 23(b)(3).

18. Common questions of law and fact exist as to all members of the Class, and predominate over any questions that affect only individual members of the Class. These common questions of law and fact include, without limitation, the common and predominate question of whether the Defendants' written and/or *de facto* policy/practice of strip searching in an unreasonable fashion, all individuals committed to the MCIJ is a violation of the Fourth and Fourteenth Amendments to the United States Constitution, and whether such a written and/or *de facto* policy existed during the class period.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the class is impracticable given the large number of class members and the fact that they are dispersed over a large geographical area. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class.

20. Upon information and belief, there are no other actions pending to address the Defendants' flagrant violation of the civil rights of thousands of individuals, even though the Defendants have maintained their illegal strip search regimen for the past several years.

21. In the alternative to certification under Fed. R. Civ. P. 23(b)(3), Plaintiff(s) also seek partial certification under Fed. R. Civ. P. 23(c)(4).

## FACTS

### Facts Applicable to the Class Generally

22. The Fourth Amendment of the United States Constitution prohibits state and county officials, such as the Policy Making Defendant in this action and the Corrections Officers they supervise, from performing strip searches in an unreasonable fashion on pre-trial detainees.

23. The Eighth Amendment of the United States Constitution prohibits state and county officials, such as the Policy Making Defendants in this action and the Corrections Officers they supervise, from performing strip searches in an unreasonable fashion on sentenced inmates, as an example of cruel and unusual punishment.

24. Upon information and belief, CC and the Policy Making Defendants have instituted a written and/or *de facto* policy, custom or practice of strip searching all individuals who participate in kitchen duty in the custody of CC (by forcing them to remove their clothing for a visual inspection of their bodies and/or forcing them to submit to a visual inspection of their body cavities in a public setting in front of fellow inmates and other deputies) and are later allowed to dress back into jail clothing.  For purposes of this Complaint, strip and visual cavity searches are collectively referred to as "strip searches."

25. The aforementioned CC, and the Policy Making Defendant know that they may not institute, enforce or permit enforcement of a policy or practice of conducting strip searches unreasonably.

26. The Defendants' written and/or *de facto* policy, practice and custom mandating wholesale unreasonable strip searches has been promulgated, effectuated and/or enforced in bad faith and contrary to clearly established law.

27. Upon information and belief, the aforementioned CC and Policy Making Defendant have promulgated, implemented, enforced, and/or failed to rectify a written and/or *de facto* policy, practice or custom of public, mass strip-searching all in the custody of CCJ in an unreasonable fashion.

28. Pursuant to this written and/or *de facto* policy, each member of the Classes, including the named Plaintiffs, were the victims of a routine strip group and public strip searches.

29. This policy, custom or practices of group strip searches are in violation of the ABA Standard 23-7.9 Searches of prisoners' bodies and OAR 291-041-0020 Inmates to wit:

ABA Standard 23-7.9

(a) In conducting a search of a prisoner's body, correctional authorities should strive to preserve the privacy and dignity of the prisoner. Correctional authorities should use the least intrusive appropriate means to search a prisoner. Searches of prisoners' bodies should follow a written protocol that implements this Standard.
(b) Except in exigent situations, a search of a prisoner's body, including a pat-down search or a visual search of the prisoner's private bodily areas, should be conducted by
(d) Visual searches of a prisoner's private bodily areas, whether or not inspection includes the prisoner's body cavities, should:

(i) **be conducted only by trained personnel in a private place out of the sight of other prisoners and of staff not involved in the search**, (emphasis added) except that a prisoner should be permitted to request that more than one staff member be present; and

The relevant OAR states in part:

1   COMPLAINT

**291-041-0010 Definitions**
(c) Skin: A search procedure wherein the person being searched removes all of his/her clothing and is visually examined and clothing removed is carefully inspected before return and redressing, for the purpose of detecting contraband.

291-041-0020 Inmates

**(7) Skin Searches: Skin searches conducted by DOC staff will be of the same gender as the inmate, unless there is an emergency. Except in emergencies, inmates undergoing skin searches will be removed to a private area for the search. (Emphasis added)**

30. As a direct and proximate result of the unlawful strip search conducted pursuant to this written and/or *de facto* policy, the victims of the unlawful strip searches – each member of the class, including the named Plaintiff(s) – have suffered or will suffer psychological pain, humiliation, suffering and mental anguish.

**Facts Applicable to the Plaintiff Scott Graue**

31. Scott Graue's experiences are representative of the class at large. On a daily basis, seven days a week from on or about May 19, 2012 until the present CC searched inmates randomly, after hearings and on a routine schedule. Mr. Graue and others sustained multiple public strip searches, and on October 10, 2012 Graue sustained a mass public strip search in open areas of the CCJ likely exceeding 160 inmates, and deputies strip searched him and others in a group and public fashion. A tort claim notice from Graue timely issued on January 21, 2013.

32. As Corrections Officers watched, Mr. Graue and others removed all of their clothing, including underpants.

11  COMPLAINT

33. A Corrections Officer inspected Mr. Graue from top to bottom while naked. The deputy then instructed him to bend over and spread his buttocks, lift and separate the penis and testicles. (Women have to lift breasts ).

34. As a direct and proximate result of the unlawful strip search conducted pursuant to CC policy, practice and custom, he has suffered and continues to suffer psychological pain, humiliation, suffering and mental anguish.

**Facts Applicable to the Plaintiff David Hodges**

35. David Hodges' experiences are representative of the class at large. On a daily basis, seven days a week from on or about May 19, 2012 until the present CC searched inmates randomly , after hearings and on a routine schedule, and Mr. Hodges and others sustained multiple public strip searches, and on October 10, 2012 Hodges sustained a mass public strip in open areas of the CCJ likely exceeding 160 inmates, and deputies strip searched him and others in a group and public fashion.

36. As Corrections Officers watched, Mr. Hodges and others removed all of their clothing, including underpants.

37. A Corrections Officer inspected Mr. Hodges from top to bottom while naked. The deputy then instructed him to bend over and spread his buttocks, lift and separate the penis and testicles. (Women have to lift breasts ).

1   COMPLAINT

### Facts Applicable to the Plaintiff William Dillon

38. William Dillon's experiences are representative of the class at large. Mr. Dillon suffered group strip searches on multiple occasions in 2013 including but not limited to on or about February 15, 2013 and February 19, 2013, after court dates.

39. As Corrections Officers watched, Mr. Dillon and others removed all of their clothing, including underpants.

40. A Corrections Officer inspected Mr. Dillon from top to bottom while naked. The deputy then instructed him to bend over and spread his buttocks, lift and separate the penis and testicles. (Women have to lift breasts ).

41. As a direct and proximate result of the unlawful strip search conducted pursuant to CC policy, practice and custom, he has suffered and continues to suffer psychological pain, humiliation, suffering and mental anguish.

### CAUSES OF ACTION

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**Violation of Constitutional Rights Under Color of State Law**

**-- Unreasonable Search and Failure to Implement County Policies to Avoid Constitutional Deprivations Under of Color of State Law --**

42. Plaintiff(s) incorporate by reference and realleges each and every allegation stated in paragraphs 1 through 41.

43. The Fourth Amendment of the United States Constitution protects citizens and pre-trial detainees from unreasonable searches by law enforcement officers, and prohibits deputies from conducting strip searches of individuals absent some particularized suspicion and in a group and in a public and demeaning fashion.

1   COMPLAINT

44. The Eighth Amendment of the United States Constitution prohibits state and county officials, such as the Policy Making Defendants in this action and the Corrections Officers they supervise, from performing strip searches in an unreasonable fashion on sentenced inmates, as an example of cruel and unusual punishment.

45. The actions of Defendants detailed above violated Plaintiffs' rights under the United States Constitution.  Simply put, it was not objectively reasonable for CC Officers to strip search Plaintiff (s) and class members absent probable cause and in a public and group setting.   It was also not objectively reasonable for the Policy Making Defendants to order/direct  County Corrections Officers to conduct such searches.

46. These strip searches were conducted pursuant to the policy, custom or practice of the County and the County's Department.  As such, the County is directly liable for the damages of the named Plaintiff(s) and members of the Class(es).

47. Upon information and belief, the aforementioned Sheriff Roberts is responsible for establishing the policies, customs, practices, and procedures to be utilized in the operation of their facilities, and is responsible for the implementation of the strip search policy questioned in this lawsuit and/or ratified the policy.  As such, each named individual is individually responsible for the damages of the named Plaintiff(s) and members of the Class.

48. Named individuals knew that the strip search policy was illegal, and acted willfully, knowingly, and with specific intent to deprive Plaintiffs and members of the Class of their Constitutional rights.

49. This conduct on the part of all Defendants represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

1   COMPLAINT

50. As a direct and proximate result of the unconstitutional acts described above, Plaintiff(s) and members of the proposed class have been irreparably injured.

51. Defendant Roberts is the Clackamas County Sheriff , and final decision-maker with respect to the treatment of pre-trial and sentenced detainees and inmates over which the CC exercises custodial or other control. He is made a defendant in this action in both his individual and official capacities. Mr. Roberts is referred to as the "Policy Making Defendant."

1   COMPLAINT

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### -- Demand for Declaratory Judgment --

52. Plaintiff(s) incorporate by reference and realleges each and every allegation stated in paragraphs 1 through 51.

53. The policy, custom and practice of the County Departments, the County and the Policy Making Defendants are clearly unconstitutional, in that these entities and individuals are directing/conducting the strip searches of all individuals on kitchen duty in CC custody without any particularized suspicion that the individuals in question have either contraband or weapons, and the searches are unconstitutional in their scope, manner and duration.

54. Plaintiff(s) and members of the Class(es) request that this Court issue a declaratory judgment, and that it declare the strip search policies of the County and the County Departments to be unconstitutional.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### -- Demand for Preliminary and Permanent Injunction --

55. Plaintiff incorporate by reference and realleges each and every allegation stated in paragraphs 1 through 54.

56. The policy, custom and practice of the County Departments, the County and the Policy Making Defendants are clearly unconstitutional, in that these entities and individuals are directing/conducting the strip searches CC custody in a group and public setting and   absent any particularized suspicion that the individuals in question have either contraband or weapons.

1   COMPLAINT

57. Upon information and belief, this policy is currently in place at the CC facilities, with new and/or prospective members of the Class being subjected to the harms that have already been inflicted upon the named Plaintiff(s).

58. The continuing pattern of strip searching individuals in group and public settings will cause irreparable harm to the new and/or prospective members of the Class, an adequate remedy for which does not exist at law.

59. Plaintiffs demand that the County, the County Departments, the Policy Making Defendants and County Corrections Officers immediately desist from strip searching individuals placed into their custody whether pre-trial or sentenced, in group and puvlic settings and  also absent any particularized suspicion that the individuals in question have either contraband or weapons, and seek both a preliminary and permanent injunction from this Court ordering as much.

## DEMAND FOR PUNITIVE DAMAGES

60. The actions of the Individual Defendants detailed herein are outrageous, in that they continue to propagate an illegal strip search policy even though they know for a fact that their actions are unconstitutional.

61. It is clear that the Policy Making Defendant Roberts, the County and the County Departments and all other named defendant counties have no respect for the civil rights of individual citizens or for the rule of law. Consequently, an award of punitive damages is necessary to punish the Policy Making Defendants, and to send a message to them that the requirements of the United States Constitution also apply to government officials in all named counties.

## DEMAND FOR TRIAL BY JURY

62. The Plaintiff(s) hereby demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs William Dillon, Scott Graue, David Hodges individually and on behalf of a class of others similarly situated, request that this Honorable Court grants them the following relief:

A. An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23.

B. A judgment against all Defendants, jointly and severally on Plaintiffs' First Cause of Action detailed herein, awarding Compensatory Damages to each named Plaintiff and each member of the proposed class in an amount to be

    determined by a Jury and/or the Court on both an individual and a class wide basis.

C. A judgment against each individual Defendant on Plaintiffs' First Cause of Action for $1,000,000.00 in punitive damages for each.

D. A declaratory judgment against all Defendants declaring the aforementioned Counties and County Departments' policies, practices and customs of group and public strip and visual cavity searching, regardless of suspicion of contraband, to be unconstitutional and improper.

E. A preliminary and permanent injunction enjoining Defendants from continuing to strip and visual cavity search individuals in group and public fashion all in custody absent particularized, reasonable suspicion that the arrestee subjected to the search is concealing weapons or other contraband.

F. A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23

Respectfully submitted by:

Dated: May 18, 2014

S//S Leonard R. Berman
_____
Leonard R. Berman, OSB # 96040
**ATTORNEY FOR PLAINTIFF(S) AND THE PROPOSED CLASS**

1   COMPLAINT

2   COMPLAINT