IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM DILLON; SCOTT GRAUE; DAVID HODGES; ALBERT LOVE; and JAYSON SAYLOR, individually, and on behalf of a class of others similarly situated,, <br><br> Plaintiffs, <br><br> v. <br><br> CLACKAMAS COUNTY and CRAIG ROBERTS, both individually and in his official capacity as Sheriff,, <br><br> Defendants. | Case No. 3:14-cv-820-YY <br><br> ORDER |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee You issued Findings and Recommendation in this case on May 2, 2018. ECF 148. Plaintiffs, former inmates at Clackamas County Jail ("CCJ"), bring this class action against Defendants for alleged violations of Plaintiffs' state statutory and federal constitutional rights arising from group strip searches at CCJ. Judge You recommended that (1) Defendants' motion to dismiss for lack of jurisdiction be denied; (2) Defendants' motion for summary judgment be granted in part and denied in part; (3) Plaintiffs' motion to certify the

class be granted in part and denied in part; and (4) Plaintiffs' motion for partial summary judgment be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiffs timely filed an objection (ECF 150) to which Defendants responded, ECF 155. Plaintiffs object to the portions of Judge You's recommendation finding that (1) Plaintiffs had not presented a genuine question of material fact as to whether the October 10, 2012 emergency shakedown search was exaggerated or excessive; and (2) the record was insufficient to determine whether the daily return-from-court searches were unreasonable under the Fourth Amendment. Defendants also timely filed an objection (ECF 154) to which Plaintiffs responded, ECF 159. Defendants object to Judge You's recommendations that (1) the Court should certify the class of plaintiffs whose claims are predicated on the daily return-from-court searches; (2) the Court should deny Defendants' motion for summary judgment as to the claim that the return-from-court searches violate the Fourth Amendment; and (3) the Court should deny Defendants' motion for summary judgment as to Plaintiffs' claims for a violation of Or. Rev. Stat. ("ORS") § 30.865.

**A. Plaintiffs' and Defendants' Objections to Findings on Motions for Summary Judgment**

    **1. October 12, 2010 Emergency Shakedown**

Plaintiffs object to Judge You's finding that there was no genuine question of material fact that the October 12, 2010 emergency shakedown search was unreasonable. As Judge You correctly noted, the test for whether a visual strip search of an incarcerated person violates the Fourth Amendment requires consideration of "the *scope* of the particular intrusion, the *manner* in

which it is conducted, the *justification* for initiating it, and the *place* in which it is conducted."
*Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (emphasis in original). When there is a possibility that a prisoner has access to a weapon, strip searches have a legitimate penological purpose, and Plaintiffs bear "the burden of showing that [prison] officials intentionally used exaggerated or excessive means to enforce security . . ." *Michenfelder v. Sumner*, 860 F.2d 328, 332-333 (9th Cir. 1988). Judge You found that Plaintiffs failed to counter Defendants' evidence that the emergency search was conducted because a possible weapon, in the form of a piece of metal, was unaccounted for. Judge You also found that Plaintiffs presented no evidence that Defendants' response to the discovery of the missing metal was exaggerated or excessive. Plaintiffs now argue only that the video evidence showing portions of the emergency search do not show that the search was reasonable and that alternative, more private locations were available. Given the justification for the search, the proffered video evidence—which Judge You also considered, and which shows inmates stripping in groups of up to six in front of their cells—does not raise a reasonable inference that the place, manner or scope of the search was unreasonable, or that the prison officials' response was exaggerated or excessive.

2. **Routine Return-From-Court Strip Searches**

Both Plaintiffs and Defendants object to Judge You's finding that, based on the record, it was impossible to determine whether the daily return-from-court visual strip searches were unreasonable under the Fourth Amendment, and her recommendation that the Court deny both motions for summary judgment on this claim. Judge You concluded that, although there was no indication that Defendants had considered measures to restrict the viewing of naked inmates by third parties, Plaintiffs had also not presented evidence of "exactly what could be seen on the CCTV monitors and by whom, how frequently female third parties could and did view them naked, and the like." For this reason, she recommended denial of both Plaintiffs' and

Defendants' motions for summary judgment on Plaintiffs' Fourth Amendment claim based on these searches.

Plaintiffs' objections to this finding are difficult to parse. Plaintiffs appear to argue that the record was sufficient to justify summary judgment for Plaintiffs because (1) Defendants' strip search practices were inconsistent with their own regulations; and (2) it is uncontested that the opportunity existed for staff members not involved in the searches to observe naked inmates. Local laws and regulations may create privacy requirements for strip searches that are more demanding than those imposed by the Constitution. That an agency fails to follow its own standards, therefore, does not render its actions unconstitutional as a matter of law. Similarly, that the privacy panels allowed for the *opportunity* for staff members not involved in searches to observe the inmates does not render the search practices unconstitutional as a matter of law. The reasonableness test articulated in *Bell* and *Michenfelder* is a highly fact-specific inquiry. Judge You correctly concluded that a further showing regarding to whom and how often the naked inmates were actually exposed to third parties is necessary to demonstrate that the scope, manner, justification and place of the search practices were so unreasonable as to violate the Fourth Amendment.

Defendants' objections largely reiterate their argument in briefing before Judge You on their motion for summary judgment. Defendants argue that they must be granted summary judgment under *Bell* because that case held that searches similar to the routine strip searches challenged in this case were constitutional. Defendants' argument is focused almost entirely on the justification for such routine strip searches. Under *Bell*, although strip searches may be justified without probable cause, they must nevertheless be conducted in a reasonable manner. 441 U.S. at 560. The decision in *Bell* did not contemplate whether strip searches conducted in the

manner described in this case are reasonable, but rather addressed the narrow issue of "whether visual body-cavity inspections . . . can ever be conducted on less than probable cause." *Bell*, 441 U.S. at 560. The justification for the searches is not contested here. Rather, Plaintiffs challenge the allegedly unreasonable circumstances of the searches—specifically, that they were exposed to CCTV cameras and female inmates after fully disrobing and presenting their intimate sexual areas and bodily orifices for detailed visual inspection.

The Ninth Circuit has previously held that, depending on the frequency, regularity, and proximity, cross-gender observation of strip searches may be unconstitutional. *See, e.g., Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919 (9th Cir. 2017) (holding that male pretrial detainees had stated a claim for a Fourth Amendment violation where they alleged frequent and up-close cross-gender observation of their showering and toilet use); *cf. Michenfelder*, 860 F.2d at 334 (holding that strip searches were not unconstitutional specifically because female guards were "not routinely present for strip searches" and observation from video monitors was largely obstructed). Given the evidence that Plaintiffs were exposed to female inmates and CCTV cameras while undergoing strip searches and the lack of evidence of exigent circumstances or efforts on behalf of the Defendants to restrict the viewing of naked inmates by third parties, Judge You correctly denied Defendants' motion for summary judgment.

### 3. ORS § 30.865

Defendants object to Judge You's finding that Plaintiffs' claim for invasion of privacy in violation of ORS § 30.865, which was alleged for the first time in Plaintiffs' second amended complaint, relates back to Plaintiffs' original complaint and is thus not barred by the statute of limitation. The Court agrees with Judge You that conduct giving rise to Plaintiffs' statutory claim arises from the exact same conduct alleged in Plaintiffs' original complaint. Plaintiffs'

statutory claim therefore relates back to the filing date of Plaintiffs' original complaint and is not time-barred.

**B. Defendants' Objections to Findings on Motion for Class Certification**

Defendants first argue that "not one of the Plaintiffs qualifies as a class representative" for Class One, defined to include those who underwent return-from-court strip searches between September 25, 2012 and May 4, 2013. Defendants argue that Plaintiff Love cannot be a class representative because by the time he was added as a named Plaintiff in the Second Amended Complaint, his claim was time-barred. Plaintiffs Dillon, Graue, and Hodges, Defendants argue, also cannot be class representatives because the PLRA strips the Court of subject matter jurisdiction over their claims.

"The filing of a class action tolls the statute of limitations as to all asserted members of the class" *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983). Similarly, when a new class representative is named in an amended complaint, that class representative's claim typically "relates back" to the filing date of the original class action complaint. *See, e.g., Philips v. Ford Motor Co.*, 435 F.3d 785, 788 (7th Cir. 2006) ("Relation back to add named plaintiffs in a class action suit is of particular importance because of the interests of the unnamed members of the class."). Plaintiffs' original complaint, which named Dillon, Graue, and Hodges, but not Love, was styled as a putative class action and sought to represent a class of plaintiffs who Defendants had subjected to routine, invasive, and public group strip searches. When the original complaint was filed, Plaintiff Love was an unnamed member of that class. Plaintiff Love's claim is thus timely both because his claim relates back to the original filing date, and because the statute of limitations for his claim was tolled as of that filing date.

Plaintiffs Dillon, Graue, and Hodges are also adequate class representatives. Defendants' challenge to these Plaintiffs' status as class representatives essentially echoes their argument

PAGE 6 – ORDER

before Judge You that the PLRA's "physical injury" requirement, 42 U.S.C. § 1997e(e), strips this Court of subject matter jurisdiction over their complaint because they allege only emotional and mental injuries. The Court has reviewed Judge You's findings and agrees with her reasoning and conclusions. Plaintiffs seek damages premised on the violation of their Fourth Amendment rights—not merely for mental and emotional injury—and the Ninth Circuit has held that constitutional claims for "compensatory, nominal or punitive damages . . . are not barred by § 1997(e)(e)." *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002). Defendants' attempts to distinguish *Oliver* are unpersuasive.

Defendants also object that Plaintiffs have offered "no proof" that the class is sufficiently numerous to warrant a class action. Judge You's analysis in estimating the likely size of the class, however, was appropriate. Even when basing her analysis on estimated numbers that were so conservative as to be highly unlikely, Judge You concluded that Class One contains at least 160 plaintiffs—far more than is necessary to satisfy the numerosity requirement. Finally, Defendants argue that Plaintiffs have not shown that Class One satisfies the predominance requirement of Rule 23(b)(3) because individual damages calculations will "overwhelm" the questions of fact that are common to the class. The Court has reviewed Judge You's findings and agrees with her conclusions and analysis. The class members were subjected to substantively identical treatment and individual damages calculations are thus unlikely to be burdensome or even necessary.

The Court **ADOPTS** Judge You's Findings and Recommendation, ECF 148.[1] Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF 127) is DENIED; Defendants'

---

[1] In neither their response to the Motion for Class Certification before Judge You nor in their objections to Judge You's Findings and Recommendations before this Court did Defendants

Motion for Summary Judgment (ECF 58) is GRANTED as to plaintiffs' claims for alleged constitutional violations based on the emergency shakedown search of October 10, 2012 and GRANTED as to all claims under the Eighth amendment. Otherwise, Defendants' Motion for Summary Judgment (ECF 58) is DENIED. Plaintiffs' Motion to Certify the Class (ECF 79) is GRANTED as to Class One, but only as to the Fourth Amendment claims of male inmates at the CCJ who underwent return-from-court visual strip searches between September 25, 2012, and the date in May 2013 on which the County installed privacy panels in CCJ's hallway. Plaintiffs William Dillon, Scott Graue, David Hodges, and Albert Love should be appointed as class representatives of Class One. Additionally, Leonard Berman should be appointed as class counsel. In all other respects, the motion to certify is DENIED. Plaintiffs' Motion for Partial Summary Judgment (ECF 82) is DENIED.

**IT IS SO ORDERED.**

DATED this 23th day of July, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

object to the adequacy of Leonard Berman as class counsel under Rule 23(g)(1) and (4) of the Federal Rules of Civil Procedure. The Court declines to raise the matter *sua sponte*.